
FILED
FEB 1 8 2011
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| BRIAN KLOCK and KUSTOM CYCLES, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>LAWRENCE D. GRAHAM, MARK L. LORBIECKI, and BLACK, LOWE, & GRAHAM, PLLC,<br><br>Defendant. | Civ. 11-4026<br><br>**COMPLAINT**<br>-AND-<br>**DEMAND FOR JURY TRIAL** |

Plaintiffs, Brian Klock and Kustom Cycles, Inc., against the above-named Defendants, Lawrence D. Graham, Mark L. Lorbiecki, and Black, Lowe, & Graham, PLLC, hereby state and allege as follows:

## PARTIES

1. Plaintiff Brian Klock is a resident of Davison County, in South Dakota. Kustom Cycles, Inc. is incorporated under the laws of South Dakota and their primary place of business is in Davison County, South Dakota.

2. Defendants Lawrence D. Graham and Mark L. Lorbiecki are patent attorneys licensed to practice law in the State of Washington and before the United States Patent and Trademark Office.

3. At all times relevant to the subject action, Defendants Lawrence D. Graham and Mark L. Lorbiecki acted in the course and scope of their employment with Defendant, Black, Lowe, & Graham, PLLC located in Seattle, Washington.

4.     Defendants Lawrence D. Graham and Mark L. Lorbiecki represented Brian Klock and Kustom Cycles, Inc. in their capacity to obtain patents for Brian Klock and Kustom Cycles, Inc.

## JURISDICTION & VENUE

5.     Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1338(a) because patent law is an essential part of Plaintiffs' claims.

6.     Defendants have purposefully availed themselves of the jurisdiction of this Court by having sufficient minimum contacts with South Dakota through representation of a South Dakota corporation and South Dakota citizens.

7.     Venue is proper in the United States District Court for the District of South Dakota under 28 U.S.C. §1391.

## FACTUAL BACKGROUND

8.     Plaintiffs hired Defendants to file the necessary paperwork to obtain patents in U.S. Patent Application Serial Nos. 29/303,202 (February 1, 2008); 29/303,294 (February 5, 2008); and 29/303,937 (February 20, 2008).

9.     Defendants agreed to represent Plaintiffs regarding their intellectual property matters including, but not limited to, the timely preparation and correct filing of three U.S. Patent Applications.

10.    The initial incorrect applications, which failed to include a claim, were filed on February 1, 2008; February 5, 2008; and February 20, 2008.

11.    Defendants filed substitute applications for the February 1, 2008 and February 20, 2008 filings on June 6, 2008.

2

12. The February 5, 2008 application initially received a filing date even though it contained the same error as the February 1, 2008 and February 20, 2008 filings.

13. The Patent Office later rejected the February 5, 2008 filing date, but after Plaintiffs incurred significant legal fees and expenses, the Patent Office eventually gave it a filing date of April 21, 2008.

14. Defendants continuously represented Plaintiffs regarding the above patent applications until at least May 2008.

## COUNT I – LEGAL MALPRACTICE

15. Plaintiffs hereby reallege paragraphs 1-14 of this Complaint and incorporate them as fully set forth herein.

16. Plaintiffs had an attorney-client relationship with Defendants, giving rise to a legal duty that included, among other things, the absolute obligation to ensure that any and all patent information was filed correctly.

17. Defendants breached their legal duty to Plaintiff by not correctly completing and filing the patent applications on February 1, 2008; February 5, 2008; and February 20, 2008.

18. But for the Defendants' errors, Plaintiffs' patents would have been properly filed on February 1, 2008; February 5, 2008; and February 20, 2008.

19. Defendants' breach of their legal duties to the Plaintiffs legally and proximately caused substantial injury to the Plaintiffs.

20. Plaintiffs sustained actual injury, loss, and damage as the result of the Defendants' violations of their legal duty to the Plaintiffs.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs respectfully pray for judgment as follows:

(1) For an award of compensatory, general, and special damages in an amount, which may be proven at trial, together with prejudgment interest at the maximum rate allowed by law;

(2) For reasonable attorney's fees, costs, and disbursements herein;

(3) For prejudgment and post-judgment interest; and

(4) For such other and further relief as this Court deems just and proper.

Dated this 18th day of February, 2011.

        JOHNSON, HEIDEPRIEM & ABDALLAH, L.L.P.

        BY *Pamela Bollweg*
        Steven M. Johnson
        (steve@jhalawfirm.com)
        Pamela R. Bollweg
        (pamela@jhalawfirm.com)
        Sara E. Show
        (sara@jhalawfirm.com)
        431 N. Phillips Ave – Suite 400
        Sioux Falls, SD 57104
        (605) 338-4304

        *Attorneys for the Plaintiffs*

## DEMAND FOR JURY TRIAL

The Plaintiffs hereby respectfully demand a trial by jury on all issues so triable.

*Pamela Bollweg*
Pamela R. Bollweg